# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SANDY DEMETRIUS FARRIOR**,

        Petitioner,

    v.                                          Case No. 06-C-378

**DAVID CLARK,**

        Respondent.

## RECOMMENDATION ON THE HABEAS CORPUS PETITION

Sandy Demetrius Farrior ("Farrior") is currently being detained at the Milwaukee County Jail on five counts of first degree sexual assault. Proceeding pro se, Farrior seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Unlike the § 2254 habeas corpus statute, § 2241 does not itself require exhaustion of state court remedies before a petition may be sought in federal court. Gonzalez v. O'Connell, 355 F.3d 1010, 1016 (7th Cir. 2004). However, federal courts may nevertheless require exhaustion as a matter of comity. See United States v. Castor, 937 F.2d 293, 296-97 (7th Cir.1991); Hirsch v. Smitley, 66 F.Supp.2d 985, 986 (E.D.Wis.1999)("[a]lthough federal district courts have jurisdiction over pretrial habeas petitions, they grant such relief only sparingly")(internal citations omitted). In most cases, federal courts will not consider claims that can be raised at trial and in subsequent state proceedings. Blanck v. Waukesha County, 48 F.Supp.2d 859, 860 (E.D.Wis.1999); see e.g., Campbell v. Clark, No. 06-158, 2006 WL 314419 at *1-2 (E.D. Wis., Feb. 9, 2006)(Mag. J. Callahan)(denying § 2241 petition based on claims of arrest without probable cause, unlawful detention prior to transfer, judicial bias, and improper denial of a motion to suppress); Griffin v.

Clarke, No. 05-978, 2005 WL 2653810 at *1-2 (E.D. Wis., Oct. 17, 2005)(J. Stadtmueller)(denying § 2241 petition based on double jeopardy claim).

In the present case, Farrior seeks a writ of habeas corpus on the grounds that the charges against him arise from two incidents that took place in 1994 and 1998 and that the statute of limitations as to those offenses have expired. (Pet. at 9, Pet'r. Br. at 1.). In the opinion of this court, Farrior's claim does not present any kind of special circumstance that warrants the extraordinary remedy of pre-trial federal habeas relief. His statute of limitations defense can be presented to the state court with rights of appeal within the state court system from any conviction that might occur. The court thereby avoids turning the federal writ of habeas corpus into a "pre-trial motion forum" for defendants in state court and causing the "derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." Griffin, 2005 WL 2653810 at *2 and Clarke, 2005 WL 2653810 at *2 (citing Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 493 (1973)). Accordingly, the court now enters the following recommendation on Farrior's petition for a writ of habeas corpus:

**IT IS THEREFORE RECOMMENDED** that the petition for a writ of habeas pursuant to § 2241 be **denied** and this case **dismissed.**

The case should be reassigned to a district judge to consider this Recommendation.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to

file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 12th day of June, 2006.

s/AARON E. GOODSTEIN<br>
United States Magistrate Judge