UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

SANDY DEMETRIUS FARRIOR,

    Petitioner,

v.                                                  Case No. 06-C-0378

DAVID CLARK,

    Respondent.

---

ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION,
DENYING PETITION, AND DISMISSING CASE

On June 12, 2006, Magistrate Judge Aaron E. Goodstein recommended that petitioner Sandy Demtrius Farrior's habeas petition under 28 U.S.C. § 2241 be denied and the case dismissed. Farrior objects, but this court agrees with Magistrate Judge Goodstein.

A magistrate judge may not dismiss a case in which the parties have not consented to magistrate judge jurisdiction; he or she may only recommend dismissal. *See* 28 U.S.C. § 636(b)(1)(B). A district court must review de novo the recommendations of the magistrate judge to which either party timely objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The district court may review de novo any other aspect of the recommendation as it sees fit. *Delgado v. Bowen*, 782 F.2d 79, 82 (7th Cir. 1986). The court reviews for clear error the portions of a magistrate judge's recommendation to which no objection is made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The clear error standard means that the court's can overturn the magistrate judge's ruling only if "left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

Farrior does not object to the legal standard described by Magistrate Judge Goodstein. Seeing no clear error in the magistrate judge's recitation of the law, this court adopts it. In summary, although § 2241 does not itself require exhaustion of state court remedies, generally federal courts require exhaustion as a matter of comity. In most cases the federal courts will not consider claims that can yet be raised in state trial or appellate court proceedings absent special circumstances warranting the extraordinary remedy of pretrial federal habeas relief. *See United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991); *Griffin v. Clarke*, No. 05-C-978, 2005 WL 2653810, *1-*2 (E.D. Wis. Oct. 17, 2005) (Stadtmueller, J.); *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999) (Gordon, J.).

Farrior objects only to Magistrate Judge Goodstein's application of this standard to his case and his concluding recommendation of dismissal. This court reviews these matters de novo.

According to Farrior's petition, he is being held in the custody of respondent Milwaukee County Sheriff David Clark pending prosecution on five counts of first degree sexual assault. (Pet. at 3-4.) In his objection, Farrior indicates that Milwaukee County Circuit Court Judge Jeffrey A. Wagner has denied his motion to dismiss, which raised a statute of limitations claim. Moreover, Farrior argues that his case presents the special circumstance required to avoid exhaustion in a § 2241 case. He contends that Judge Wagner's ruling was wrong, his case is time-barred, and that his detention at the Milwaukee County Jail unconstitutional. He argues that unlike § 2254, § 2241 does not require exhaustion, and that he "should not have to be convicted to seek relief under 28 U.S.C. 2254 when 28 U.S.C. 2241 is available." (Obj'n at 2.) Farrior seeks dismissal of the state charges and immediate release. (Pet. at 12.)

2

Although exhaustion is not statutorily mandated by § 2241, the judicially-created, common-law exhaustion rule applies nevertheless, and sound judicial discretion governs. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1015-16 (7th Cir. 2004); *Castor*, 937 F.2d at 296-97. In *Blanck*, District Judge Myron L. Gordon declined to disrupt an ongoing state prosecution to adjudicate Blanck's premature claim that a statute of limitations was being violated. 48 F. Supp. 2d at 861-62. Judge Gordon concluded that the claim could be presented at trial or on appeal and did not warrant disruption of the state proceedings. *Id.*

Similar to the situation in *Blanck*, Farrior's statute of limitations argument can be pursued further in the state trial court and raised on appeal. This court sees no special circumstance warranting the extraordinary remedy of pretrial federal habeas relief. Permitting such pretrial relief in this case would open the floodgates to litigation that would interfere with proper state court criminal proceedings, on issues that should first be addressed by the state courts. In this situation, the court requires exhaustion as a matter of comity. The Wisconsin courts, including the appellate courts, should have the opportunity to adjudicate Farrior's statute of limitations argument prior to this court's involvement.

Therefore,

IT IS ORDERED that the recommendation of Magistrate Judge Goodstein is adopted, Farrior's petition is denied, and this case is dismissed.

Dated at Milwaukee, Wisconsin, this 10th day of July, 2006.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge